**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4718**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ROY LEE LOCKLEAR,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.   Louise W. Flanagan,
District Judge.   (7:13-cr-00032-FL-2)

Submitted:  May 30, 2014                    Decided:  June 4, 2014

Before WILKINSON, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph A. DiRuzzo, III, FUERST ITTLEMAN DAVID & JOSEPH, PL,
Miami, Florida, for Appellant.   Jennifer P. May-Parker,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roy Lee Locklear pleaded guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012), and was sentenced to 262 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning the district court's compliance with Federal Rule of Criminal Procedure 11 and the reasonableness of the sentence. In his pro se brief, Locklear argues that: his guilty plea was not knowing and voluntary; his sentence is procedurally unreasonable because the district court erred in failing to grant a downward adjustment for his minor role in the conspiracy and for his mental state, and improperly applied a firearm enhancement; and his sentence is substantively unreasonable.[*] The Government declined to file a brief. We affirm.

---

[*] We have not considered the validity of Locklear's appeal waiver because the Government does not assert it. Further, Locklear's claim that his plea counsel rendered ineffective assistance is more appropriately raised in a 28 U.S.C. § 2255 (2012) motion, in order to allow adequate development of the record. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Because Locklear did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Locklear must establish that an error occurred, was plain, and affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013); United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Our review of the record establishes that the district court substantially complied with Rule 11's requirements, ensuring that Locklear's plea was knowing and voluntary.

We review Locklear's sentence for reasonableness, "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the 18 U.S.C. § 3553(a) (2012) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Once we have determined that the sentence is free of procedural error, we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If, as here, the sentence is within the appropriate Guidelines range, we presume that the sentence is substantively reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Such a presumption is rebutted only if the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We have carefully considered the sentencing challenges raised by counsel and by Locklear in his pro se supplemental brief. We conclude that the district court correctly calculated Locklear's advisory Guidelines range, heard argument from counsel, and provided Locklear an opportunity to allocute. The court explained that the within-Guidelines sentence of 262 months' imprisonment was warranted in light of the nature and circumstances of the drug conspiracy, Locklear's history and characteristics, and the need to promote respect for the law, to afford adequate deterrence, and to protect the public. Neither counsel nor Locklear offers any grounds to rebut the presumption on appeal that the within-Guidelines sentence is substantively

4

reasonable.  Accordingly, we conclude that the district court did not abuse its discretion in sentencing Locklear.

Finally, in accordance with <u>Anders</u>, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Locklear, in writing, of the right to petition the Supreme Court of the United States for further review.  If Locklear requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Locklear.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>